UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPARTAN SECURITIES GROUP, LTD.;
CARL DILLEY; SCOTT REYNOLDS;
VICTOR SILVA; A. RICHARD McCANN;
ISLAND CAPITAL MANAGEMENT, LLC; and
THE BLACK DIAMOND FUND, LLP,

    Plaintiffs,

v.                                    CASE NO: 8:08-cv-2323-T-26MAP

CACTRUS DRINK SYSTEMS, INC., and
CAM COTE,

    Defendants.
_____/

## **O R D E R**

Before the Court is Defendant Cactrus Drink Systems, Inc.'s Amended Motion to Set Aside Default (Dkt. 18), after conferring with opposing counsel pursuant to Local Rule 3.01(g).[1] After careful consideration of the amended motion and the file, the Court concludes that the clerk's default should be set aside.

On February 9, 2009, the clerk entered a default against Cactrus Drink Systems, Inc. (Cactrus),[2] and on March 3, 2009, attorney Craig Huffman filed a notice of

---

[1] Defendant certifies that they were unable to resolve this motion, and the Court finds that a response from Plaintiff is unnecessary.

[2] See docket 13.

appearance on before of Cactrus.[3] One day later, another attorney with the same law firm, David Chalela, also entered a notice of appearance on behalf of Cactrus.[4] Attorney Chalela asserts that Mr. Huffman was an inactive member of the bar of the Middle District of Florida at the time the clerk entered the default. He was attempting to reactivate his membership and obtain access to CM/ECF, while at the same time, Cactrus was attempting to gather funds to pay for his services. Cactrus posits that it has a meritorious defense.

Cactrus was served with this action on January 9, 2009, and was trying to choose and pay counsel to represent itself in this matter. Cactrus was and is already being represented in another case in Pinellas County state court involving the same set of facts as this action. Defending itself in two different venues placed an additional financial strain on Cactrus. Therefore, at the time of the default, Cactrus was actively participating in the defense of the already filed state court action.

Whether the passing of the due date was permitted by negligence or carelessness, the Court finds that Cactrus, as the moving party, has met its burden of showing that good cause exists to find the negligence "excusable" under Rule 60(b)(2) or Rule 55(c), or that the carelessness should be forgiven. See Pioneer Invest. Servs. v. Brunswick Assoc. Ltd., 507 U.S. 380, 388-89, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (holding that bankruptcy

---

[3] See docket 14.

[4] See docket 15.

courts may accept late filings caused by "excusable neglect" which includes carelessness). The Court finds that under the circumstances of another pending lawsuit involving the same facts and the concomittent financial burdens, good cause has been shown sufficient to set aside the clerk's default.[5]

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Cactrus Drink Systems, Inc.'s Amended Motion to Set Aside Default (Dkt. 18) is **GRANTED**.

(2) The Clerk is ordered to set aside the default entered at docket 13.

(3) Defendant Cactrus shall file a response to the Complaint within ten (10) days from the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on March 12, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[5] See Wilson v. Farley, 203 Fed.Appx. 239, 250 (11th Cir. 2006) (holding that district did not abuse its discretion when it applied the "good cause" standard under Rule 55(c) in deciding to set aside a default).