UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPARTAN SECURITIES GROUP, LTD,
et al.,

    Plaintiffs,

v.                                    CASE NO: 8:08-cv-2323-T-26MAP

CACTRUS DRINK SYSTEMS, INC., et al.,

    Defendants.
                                     /

**O R D E R**

        Defendants, Cactrus Drink Systems, Inc. (Cactrus) and Cam Cote (Cote), have filed motions to dismiss which are somewhat rambling and disjointed in nature and form. Cactrus challenges the sufficiency of Plaintiffs' complaint to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Cote joins in Cactrus' motion and additionally attacks the sufficiency of the complaint to establish personal jurisdiction over him under Rule 12(b)(2). There motions are due to be denied for the following reasons.[1]

        First, measuring the well-pleaded allegations of the complaint, which this Court must accept as true at this juncture of the proceedings, against the standard recently promulgated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007), the Court concludes that the extremely detailed allegations of the complaint contain

---

[1] In light of this disposition of the motions, the Court needs no response from Plaintiffs.

"enough facts to state a claim to relief that is plausible on its face." Furthermore, the complaint's allegations are more than enough "to raise a right to relief above the speculative level." Id. at 1965.[2] Second, Defendants' contention that the doctrine of *res judicata* bars Plaintiffs' claims must likewise fail because the complaint's allegations do not clearly indicate the existence of this affirmative defense on the face of the complaint. See Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984).[3] Finally, Defendants have impermissibly relied on matters beyond the complaint in arguing for dismissal under Rule 12(b)(6). See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984); accord Malowney v. Federal Collection Deposit Group, 193 F.2d 1342, 1347 n.5 (11th Cir. 1999) (noting that "when considering a motion to dismiss for failure to state a claim, we may look only to the facts alleged in the complaint and not beyond.") (citing Milburn).

As to Cote's contention that he is not subject to the personal jurisdiction of this Court under the facts alleged in the complaint, the Court notes that he has offered no evidence in the form of an affidavit or otherwise to refute those facts. Consequently, accepting those facts as true as the Court must, see Cable/Home Communication Corporation v. Network Productions,

---

[2] Plaintiffs' allegations are likewise more than sufficient to comply with the particularity requirements imposed by Rule 9(b) of the Federal Rule of Civil Procedure with respect to pleading fraud. See also Cooper v. Blue Cross and Blue Shield of Florida, Inc., 19 F.3d 562, 568 (11th Cir. 1994) (stating that with regard to allegations of fraud, "[t]he plaintiff's complaint must allege the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them.").

[3] Defendants are free, however, to plead *res judicata* as an affirmative defense and, if appropriate, raise the defense anew within the context of a motion for summary judgment after the completion of discovery.

Inc., 902 F.2d 829, 855 (11th Cir. 1990), the Court concludes that Plaintiffs have more than adequately alleged facts subjecting Defendant Cote to the personal jurisdiction of this Court.

Accordingly, it is ordered and adjudged that the Motions to Dismiss (Dkts. 25 and 26) are denied. Defendants shall file their answer and defenses within fifteen (15) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on April 24, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record